1  TOMIO B. NARITA (SBN 156576)
   JEFFREY A. TOPOR (SBN 195545)
2  SIMMONDS & NARITA LLP
   44 Montgomery Street, Suite 3010
3  San Francisco, CA 94104-4816
   Telephone: (415) 283-1000
4  Facsimile:   (415) 352-2625
   tnarita@snllp.com
5  jtopor@snllp.com

6  Attorneys for Defendant
   Afni, Inc.
7

8
                    UNITED STATES DISTRICT COURT
9
                   NORTHERN DISTRICT OF CALIFORNIA
10

11
   DERWIN GRANT,                    )  CASE NO.: C 07 2850 EMC
12                                   )
          Plaintiff,                 )
13                                   )
          vs.                        )  **ANSWER TO COMPLAINT BY**
14                                   )  **DEFENDANT AFNI, INC.**
   AFNI, INC.,                       )
15                                   )
          Defendant.                 )
16                                   )
   _____  )
17

Defendant AFNI, INC. ("Defendant") hereby submits the following Answer to the Complaint filed in this action by Plaintiff DERWIN GRANT ("Plaintiff"):

1. Defendant admits, on information and belief, the allegations of Paragraph 1 of the Complaint.

2. In answering Paragraph 2 of the Complaint, Defendant admits that it maintains offices at 404 Brouk Drive, Bloomington, IL 61701, and that one of its corporate telephone numbers is 866-857-7203. Except as herein admitted, the allegations of Paragraph 2 are denied.

3. Denied.

4. Denied.

5. In answering Paragraph 5 of the Complaint, Defendant admits that it has, at times, conducted interstate business with residents of the City and County of San Francisco, California. Defendant further admits, on information and belief, that Plaintiff resides in the City and County of San Francisco, California. Except as herein admitted, the allegations of Paragraph 5 are denied.

6. In answering Paragraph 6 of the Complaint, Defendant admits that it has, at times, conducted interstate business with residents of the City and County of San Francisco. Defendant further admits, on information and belief, that Plaintiff resides in the City and County of San Francisco, California. Except as herein admitted, the allegations of Paragraph 6 are denied.

7. In answering Paragraph 7 of the Complaint, Defendant admits that Plaintiff does not purport to bring a claim about an attorney-client fee dispute. Except as herein admitted, the allegations of Paragraph 7 are denied.

8. In answering Paragraph 8 of the Complaint, Defendant admits that Plaintiff does not purport to sue a public entity. Except as herein admitted, the allegations of Paragraph 8 are denied.

9. Defendant presently lacks sufficient knowledge to form a belief as to the allegations of Paragraph 9 of the Complaint, and on this basis denies them.

10. Defendant presently lacks sufficient knowledge to form a belief as to the allegations of Paragraph 10 of the Complaint, and on this basis denies them.

11. Defendant presently lacks sufficient knowledge to form a belief as to the allegations of Paragraph 11 of the Complaint, and on this basis denies them.

## AFFIRMATIVE DEFENSES

As and for separate affirmative defenses to the Complaint, Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The allegations of the Complaint fail to state a claim against Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations/Laches)

The purported claims set forth in the Complaint are barred in whole or in part by the applicable statutes of limitation and/or the equitable doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE
### (Bona Fide Error)

To the extent that any violation of law occurred, which Defendant expressly denies, said violation was not intentional and resulted from a bona fide error notwithstanding the maintenance by Defendant of procedures reasonably adapted to avoid any such error.

## FOURTH AFFIRMATIVE DEFENSE
## (Unclean Hands)

The allegations in the Complaint and relief requested are on information and belief barred in whole or in part by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE
## (No Wilful Conduct)

Defendant acted in good faith at all times in their dealings with Plaintiff, and if any conduct by Defendant is found to be unlawful, which Defendant expressly denies, such conduct was not willful and should not give rise to liability.

## SIXTH AFFIRMATIVE DEFENSE
## (Failure to Mitigate)

Plaintiff, although under a legal obligation to do so, has failed to take reasonable steps to mitigate any alleged damages that he may have and is therefore barred from recovering damages, if any, from Defendant.

## SEVENTH AFFIRMATIVE DEFENSE
## (Waiver)

Plaintiff has waived his rights, if any, to recover the relief he seeks in the Complaint based upon his own conduct and admissions with respect to the debt at issue.

## EIGHTH AFFIRMATIVE DEFENSE
## (Good Faith)

Defendant has, at all material times with respect to Plaintiff, acted in good faith in an effort to comply fully with all relevant federal and state laws.

## NINTH AFFIRMATIVE DEFENSE

### (Apportionment)

Without admitting that any damages exist, if damages were suffered by Plaintiff as alleged in the Complaint, those damages were proximately caused by and contributed by persons other than Defendant. The liability, if any exists, of all Defendant and/or any responsible parties, named or unnamed, should be apportioned according to their relative degrees of fault, and the liability of these Defendant should be reduced accordingly.

## TENTH AFFIRMATIVE DEFENSE

### (Supervening Cause)

The causes of action in the Complaint are barred, in whole or in part, to the extent that any injury or loss sustained was caused by intervening or supervening events over which Defendant had or has no control.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Equitable Indemnity)

To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Defendant, which Defendant denies, Defendant is entitled to equitable indemnity according to comparative fault from other persons and/or entities causing or contributing to such damages, if any.

## TWELFTH AFFIRMATIVE DEFENSE

### (Setoff)

To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Defendant, which Defendant denies, Defendant is, on information and belief, entitled to a setoff in the amount Plaintiff owes on his unpaid account, including any recoverable interest and attorneys' fees.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Preemption)

Plaintiff's claims are preempted and/or barred in whole or in part by the provisions of the Fair Credit Reporting Act.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Standing)

Plaintiff lacks standing to pursue his claims against Defendant.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (First Amendment)

Defendant's alleged conduct and communications in attempting to collect a debt constitutes valid commercial speech, and is therefore entitled to protection under the First Amendment of the Constitution of the United States. Plaintiff's proposed interpretation of the provisions of the FDCPA must be rejected as they would place an unreasonable restraint upon valid commercial speech, thereby raising serious constitutional issues.

WHEREFORE, Defendant requests judgment as follows:

1. That Plaintiff take nothing by the Complaint, which should be dismissed with prejudice.

2. That Defendant recover from Plaintiff costs according to proof.

3. That Defendant recover attorneys' fees according to proof.

4. That the Court orders such other further reasonable relief as the Court may deem just and proper.

1  DATED: May 31, 2007         SIMMONDS & NARITA, LLP
                                TOMIO B. NARITA
2                               JEFFREY A. TOPOR

3

4

5                               By:  s/Jeffrey A. Topor
                                     Jeffrey A. Topor
6                                    Attorneys for Defendant

# PROOF OF SERVICE

I, the undersigned, declare:

I am employed in the City and County of San Francisco, California. I am over the age of eighteen years and not a party to this action. My business address is 44 Montgomery Street, Suite 3010, San Francisco, California 94104-4816.

I am readily familiar with the business practices of my employer, Simmonds & Narita LLP, for the collection and processing of correspondence by mailing with the United States Postal Service and that said correspondence is deposited with the United States Postal Service that same day in the ordinary course of business.

On this date, I served a copy of the following document:

**1) ANSWER TO COMPLAINT BY DEFENDANT AFNI, INC.**

by causing such document to be placed in a sealed envelope for collection and delivery by the United States Postal Service to the addressee indicated below:

**VIA U.S. MAIL**

Derwin Grant
245 Henry Street
San Francisco, CA 94114
Plaintiff in Pro Per

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at San Francisco, California on this 31st day of May, 2007.

_____
Stephanie Schmitt