TOMIO B. NARITA (SBN 156576)
JEFFREY A. TOPOR (SBN 195545)
SIMMONDS & NARITA LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104-4816
Telephone: (415) 283-1000
Facsimile:   (415) 352-2625
tnarita@snllp.com
jtopor@snllp.com

Attorneys for Defendant
Afni, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DERWIN GRANT,

    Plaintiff,

vs.

AFNI, INC.,

    Defendant.

CASE NO.: C 07 2850 CW

**NOTICE OF MOTION AND MOTION OF FOR JUDGMENT ON THE PLEADINGS BY DEFENDANT AFNI, INC.; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Date: July 12, 2007
Time: 2:00 p.m.
Ctrm: 2, 4th Floor

The Honorable Claudia Wilken

TO PLAINTIFF IN PRO PER DERWIN GRANT:

PLEASE TAKE NOTICE that on July 12, 2007 at 2:00 p.m., or as soon thereafter as the matter may be heard in Courtroom 2 of the above entitled court, the Honorable Claudia Wilken presiding, defendant Afni, Inc. ("Defendant") will and hereby does move this Court for an Order, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, granting judgment on the pleadings in favor of Defendant.

The motion is made on the grounds that the Complaint fails to state facts sufficient to constitute a cause of action against Defendant.  The skeletal and conclusory allegations in the complaint, even when assumed true, do not state a claim upon which relief may be granted under the Fair Credit Reporting Act ("the FCRA"), 15 U.S.C. § 1681, *et seq.*, because consumers such as Plaintiff cannot pursue claims against furnishers of data such as Defendant based upon the furnisher's alleged reporting of incomplete or inaccurate information under section 1681s-2(a) of the FCRA, and because Plaintiff has not alleged and cannot allege that he disputed the debt at issue in this action pursuant to his responsibilities under section 1692g of the FDCPA and therefore has not stated a claim against Defendant for failure to validate the debt.

The motion is based upon this Notice of Motion and Motion for Judgment on the Pleadings, the accompanying Memorandum of Points and Authorities, all pleadings and papers on file herein, and such oral argument as is presented.

DATED: June 6, 2007         SIMMONDS & NARITA, LLP
                            TOMIO B. NARITA
                            JEFFREY A. TOPOR


                    By:    /Tomio B. Narita/
                           Tomio B. Narita
                           Attorneys for defendant

## I. INTRODUCTION

Plaintiff Derwin Grant ("Plaintiff") filed a bare bones complaint, which sets forth the conclusory allegation that defendant Afni, Inc. ("Defendant") "is in violation of multiple laws" related to the collection and reporting of his account. Plaintiff asserts three claims against Defendant purportedly arising under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. (the "FCRA") and the Fair Debt Collection Practice Act, 15 U.S.C. § 1692 *et seq*. (The "FDCPA"). Each of Plaintiff's claims fail as a matter of law. Plaintiff has failed to allege facts sufficient to state a cause of action against Defendant under either the FCRA or the FDCPA. Further, Plaintiff cannot amend his Complaint to state valid claims because the Ninth Circuit has squarely held that a consumer like Plaintiff does not have standing to pursue a private right of action against a furnisher of consumer credit information such as Defendant and because Plaintiff cannot allege that he disputed the debt at issue in this action pursuant to his responsibilities under section 1692g of the FDCPA..

Given the complete absence of any factual allegations supporting any valid claims under the FCRA or the FDCPA, judgment should be entered in favor of Defendant.

## II. THE ALLEGATIONS OF THE COMPLAINT

Plaintiff originally initiated this case in small claims court by filing his Complaint against Defendant on April 27, 2007.[1] This action was removed to this Court by Defendant on May 3, 2007. In response to the form complaint's inquiry, "Why does the Defendant owe the Plaintiff money?", Plaintiff listed three causes of action:

---

[1] For the Court's convenience, a copy of the original complaint is attached to this pleading as **Exhibit A**.

1)  "The account has been re-aged and is in violation of Re-age (cb and ca) FCRA section 605 [15 U.S.C. § 1681c(b) and (c)]";

2)  "Did not validate debt according to law and continued collection activities which is in violation of FDCPA section 809(b) [15 U.S.C. § 1692g(b)], FTC opinion letter Cass from LeFevre"; and

3)  "Did not validate debt and continued to report to credit bureau which is in violation of FDCPA section 809(b) [15U.S.C. § 1692g(b)], FTC opinion letter Cass from LeFevre". . .

*See* **Exhibit A**, attached hereto (Plaintiff's Claim and ORDER to Go to Small Claims Court at page 4.) In response to the question, "How did you calculate the money owed to you?" Plaintiff stated: "Based on previous awards. . . Historical court award for violation has been $1000 each." *Id.* at page 3, ¶4 and page 4.

Plaintiff provided no further information in his Complaint.

## III. ARGUMENT

### A. Standards Governing Motions For Judgment On The Pleadings

"After the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings." *See* Fed. R. Civ. P. 12(c). The standard applied to a motion for judgment on the pleadings is virtually identical to the standard applicable to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Carmen v. San Francisco Unified Sch. Dist.*, 982 F. Supp. 1396, 1401 (N.D. Cal 1997); *see also McGlinchy v, Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988) (same standard applicable where 12(c) motion based on failure to state a claim). "A judgment on the pleadings is properly granted when, taking all the allegations in the pleading as true, the moving party is entitled to judgment as a matter of law." *Nelson v. City of Irvine*, 143 F.3d 1196, 1200 (9th Cir. 1998). In ruling on a motion for judgment on the pleadings, the court may consider "documents submitted with the complaint." *See E & J Gallo Winery v. Andina Licores S.A.*, 2006 WL 1817097, *3 (E.D. Cal. June 30, 2006).

While the Court must accept as true Plaintiff's material allegations and all reasonable inferences therefrom, *see McGlinchy*, 845 F.2d at 810, the Court need

not accept as true conclusory allegations that are unsupported by the facts alleged or that are couched in factual allegation, *see Carmen*, 982 F. Supp. at 1401; *see also Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004) ("conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss"). But where, as here, it is clear that no relief could be granted to Plaintiff "under any set of facts that could be proven consistent with the allegations," the Court may grant a motion for judgment on the pleadings. *McGlinchy*, 845 F.2d at 810.

### B. Plaintiff Lacks Standing To Pursue A Claim Under The FCRA

Plaintiff has attempted to allege a violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681c(c) when he asserts that Defendant "re-aged" his account. *See* Exhibit A at 4. Plaintiff's claim is barred as a matter of law, however, since FCRA section 1681c is only applicable to Credit Reporting Agencies[2] and not to furnishers of consumer credit information such as Defendant. *See* 15 U.S.C. § 1681c ([N]o *consumer reporting agency* may make any consumer report containing any of the following items of information. . ." (emphasis added)). Further, amendment would be futile as the Ninth Circuit has squarely held that a consumer has no private right of action against a furnisher of information based upon the furnisher's alleged reporting of false or inaccurate information to a credit reporting agency. *See Nelson v. Chase Manhattan Mortgage Co.*, 282 F.3d 1057, 1059 (9th Cir. 2002). The claim asserted by Plaintiff under the FCRA must fail.

The FCRA imposes a duty upon furnishers of information to provide accurate information. *See* 15 U.S.C. § 1681s-2(a). It prohibits the reporting of

---

[2] "Credit Reporting Agency" is defined by the FCRA as "any person, which for monetary fees, dues or on a cooperative basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties. . ." *See* 15 U.S.C. § 1681a(f).

erroneous information, imposes a duty to correct and update information, and imposes a duty to provide notice of a consumer's dispute. *See id.* at §§ 1681s-2(a)(1) (furnisher's duty to report accurate information), 1681s-2(a)(2) (furnisher's duty to update and correct inaccurate information), and 1681s-2(a)(3) (furnisher's duty to notify agencies of consumer disputes); *see also Nelson*, 282 F. 3d at 1059; *Gorman v. Wolpoff & Abramson, LLP*, 370 F. Supp. 2d 1005, 1012 (N.D. Cal. 2005).[3]

Consumers do <u>not</u> have standing to pursue a private right of action to enforce a furnisher's section 1681s-2(a) duties. Such claims may only be pursued by appropriate state or federal officials. Thus, while section 1681s-2(a) imposes a duty on furnishers to report accurately, section 1681s-2(c) "expressly provides" that claims for willful or negligent noncompliance with the Act (which arise under sections 1681n & o) <u>cannot</u> be based on a failure to comply with section 1681s-2(a), unless the action is commenced by a state or federal official. *See Nelson*, 282 F.3d at 1059; *Gorman*, 370 F. Supp. 2d at 1012. As the *Nelson* court said, "[i]t can be inferred . . . that Congress did not want furnishers of credit information exposed to suit by any and every consumer dissatisfied with the credit information furnished." *Nelson*, 282 F.3d at 1060.

Simply put, private plaintiffs cannot sue furnishers of consumer credit information like Defendant based on an alleged violation of section 1681s-2(a). *See id.* at 1059; *Gorman*, 370 F. Supp. 2d at 1012; *Cisneros*, 293 F. Supp. 2d at 1174. Under *Nelson*, however, Plaintiff lacks standing to pursue a claim to

---

[3] "The FCRA imposes civil liability on any person who willfully or negligently fails to comply with any of the Act's requirements with respect to any consumer. *See* 15 U.S.C. § 1681n (willful noncompliance), § 1681o (negligent noncompliance)." *Cisneros v. Trans Union, LLC*, 293 F. Supp. 2d 1167, 1174 (D. Haw. 2003). Alleged furnishers of information, such as Defendant, are subject to the FCRA. *See* 15 U.S.C. § 1681s-2; *Cisneros*, 293 F. Supp. 2d at 1174.

enforce Defendant's section 1681s-2(a) duties. *See* 282 F.3d at 1059; *see also Grismore v. United Recovery Sys., L.P.*, 2006 WL 2246359, *3 (D. Ariz. Aug. 3, 2006) (granting summary judgment against *pro se* plaintiff under *Nelson*). Plaintiff has alleged a violation of 15 U.S.C. section 1681c which is not law applicable to furnishers like Defendant nor can Plaintiff amend his Complaint to allege a violation of the FCRA.

### C.  Plaintiff Has Not and Cannot Allege Facts Sufficient to State a Cause of Action under the FDCPA

Plaintiff alleges that Defendant violated 15 U.S.C. § 1692g(b) when it "did not validate debt [sic] according to law" and continued both "collection activities" and "to report [the account] to credit bureau [sic]." *See* Exhibit A at page 4. In order for any violation of § 1692g(b) to have occurred, Plaintiff must prove that within thirty days of receipt of the initial demand letter from Defendant, he requested validation of the debt from Defendant. Plaintiff has not alleged that he timely requested validation of his debt because he cannot.

The FDCPA provides that a collector must cease collection efforts and provide verification of the debt if and only if the consumer disputes the debt in writing "within the thirty day period described in subsection (a) of this section." *See* 15 U.S.C. § 1692g(b). Plaintiff has not alleged that he made any request for validation of the debt much less a timely request. Further, Plaintiff cannot amend his Complaint to state of cause of action because the Ninth Circuit has squarely ruled that untimely requests for verification of a debt do <u>not</u> trigger any obligation on the part of the collector to verify the debt. *See Mahon v. Credit Bureau of Placer County, Inc.*, 171 F. 3d 1197, 1202-1203 (9th Cir. 1999) (request for verification of debt made nine months after receipt of initial notice from collector was untimely and triggered no obligation on part of defendant to verify the debt). Plaintiff's claims under section 1692g(b) fail as a matter of law.

## IV. CONCLUSION

For each of the foregoing reasons, Plaintiff's claims fail as a matter of law. Defendant respectfully requests that judgment be entered in its favor as to all causes of action in the Complaint. Plaintiff should not be granted leave to amend his Complaint because he simply cannot state a valid claim against Defendant under the FCRA or the FDCPA.

DATED: June 6, 2007         SIMMONDS & NARITA, LLP
                            TOMIO B. NARITA
                            JEFFREY A. TOPOR


                            By:  s/Tomio B. Narita
                                 Tomio B. Narita
                                 Attorneys for Defendant

# PROOF OF SERVICE

I, the undersigned, declare:

I am employed in the City and County of San Francisco, California. I am over the age of eighteen years and not a party to this action. My business address is 44 Montgomery Street, Suite 3010, San Francisco, California 94104-4816.

I am readily familiar with the business practices of my employer, Simmonds & Narita LLP, for the collection and processing of correspondence by mailing with the United States Postal Service and that said correspondence is deposited with the United States Postal Service that same day in the ordinary course of business.

On this date, I served a copy of the following document:

**1) NOTICE OF MOTION AND MOTION OF FOR JUDGMENT ON THE PLEADINGS BY DEFENDANT AFNI, INC.; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

by causing such document to be placed in a sealed envelope for collection and delivery by the United States Postal Service to the addressee indicated below:

**VIA U.S. MAIL**

Derwin Grant
245 Henry Street
San Francisco, CA 94114
Plaintiff in Pro Per

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at San Francisco, California on this 6th day of June, 2007.

_____
Stephanie Schmitt

Exhibit A

©COPY

**SC-100** — **Plaintiff's Claim and ORDER to Go to Small Claims Court**

| | |
|---|---|
| | Clerk stamps date here when form is filed. |
| | **ENDORSED FILED** San Francisco County Superior Court |
| | APR 27 2007 |
| | GORDON PARK-LI, Clerk BY V. GONZALEZ, Deputy Clerk |

**Notice to the person being sued:**

- You are the Defendant if your name is listed in ② on page 2 of this form. The person suing you is the Plaintiff, listed in ① on page 2.
- You and the Plaintiff must go to court on the trial date listed below. If you do not go to court, you may lose the case.
- If you lose, the court can order that your wages, money, or property be taken to pay this claim.
- Bring witnesses, receipts, and any evidence you need to prove your case.
- Read this form and all pages attached to understand the claim against you and to protect your rights.

**Aviso al Demandado:**

- Usted es el Demandado si su nombre figura en ② de la página 2 de este formulario. La persona que lo demanda es el Demandante, la que figura en ① de la página 2.
- Usted y el Demandante tienen que presentarse en la corte en la fecha del juicio indicada a continuación. Si no se presenta, puede perder el caso.
- Si pierde el caso la corte podría ordenar que le quiten de su sueldo, dinero u otros bienes para pagar este reclamo.
- Lleve testigos, recibos y cualquier otra prueba que necesite para probar su caso.
- Lea este formulario y todas las páginas adjuntas para entender la demanda en su contra y para proteger sus derechos.

Fill in court name and street address:
**Superior Court of California, County of**

**SMALL CLAIMS SUPERIOR COURT**
400 McALLISTER, ROOM 103
SAN FRANCISCO, CALIFORNIA 94102

Clerk fills in case number and case name:
**Case Number: 821213**
Case Name: *Derwin Grant vs. AFNI, Inc.*

**Order to Go to Court**

The people in ① and ② must go to court: *(Clerk fills out section below.)*

| | Date | Time | Department | Name and address of court if different from above |
|---|---|---|---|---|
| Trial Date | 1. JUN 0 8 2007 | 1:30 PM | 506 | (5TH FLOOR) |
| | 2. | | | |
| | 3. | | | |

Date: APR 27 2007   Clerk, by V. GONZALEZ, Deputy

**Instructions for the person suing:**

- You are the Plaintiff. The person you are suing is the Defendant.
- *Before* you fill out this form, read Form SC-150, *Information for the Plaintiff (Small Claims)*, to know your rights. Get SC-150 at any courthouse or county law library, or go to: www.courtinfo.ca.gov/forms
- Fill out pages 2 and 3 of this form. Then make copies of **all** pages of this form. (Make 1 copy for each party named in this case and an extra copy for yourself.) Take or mail the original and these copies to the court clerk's office and pay the filing fee. The clerk will write the date of your trial in the box above.
- You must have someone at least 18—not you or anyone else listed in this case—give each Defendant a court-stamped copy of all 5 pages of this form and any pages this form tells you to attach. There are special rules for "serving," or delivering, this form to public entities, associations, and some businesses. See Forms SC-104, SC-104B, and SC-104C.
- **Go to court on your trial date listed above.** Bring witnesses, receipts, and any evidence you need to prove your case.

Judicial Council of California, www.courtinfo.ca.gov
Revised January 1, 2007, Mandatory Form
Code of Civil Procedure, §§ 116.110 et seq.,
**Plaintiff's Claim and ORDER to Go to Small Claims Court**
SC-100, Page 1 of 5 →

Case Number: **821213**

Plaintiff (list names): _____

**1** **The Plaintiff (the person, business, or public entity that is suing) is:**
Name: Dervwin Grant     Phone: (415) 342-6770
Street address: 245 Henry Street    San Francisco    CA    94114
Mailing address (if different): _____

**If more than one Plaintiff, list next Plaintiff here:**
Name: _____ Phone: ( )
Street address: _____
Mailing address (if different): _____

☐ Check here if more than 2 Plaintiffs and attach Form SC-100A.
☐ Check here if either Plaintiff listed above is doing business under a fictitious name. If so, attach Form SC-103.

**2** **The Defendant (the person, business, or public entity being sued) is:**
Name: AFNI INC     Phone: (866) 857-7203
Street address: 404 Brouk Dr    Bloomington    IL    61701
Mailing address (if different): _____

**If more than one Defendant, list next Defendant here:**
Name: _____ Phone: ( )
Street address: _____
Mailing address (if different): _____

☐ Check here if more than 2 Defendants and attach Form SC-100A.
☐ Check here if any Defendant is on active military duty, and write his or her name here: _____

**3** **The Plaintiff claims the Defendant owes $** 3000 . (Explain below):
a. Why does the Defendant owe the Plaintiff money? Violation of FCRA and FDCPA laws.

b. When did this happen? (Date): _____
If no specific date, give the time period: Date started: 9/02    Through: Present
c. How did you calculate the money owed to you? (Do not include court costs or fees for service.) Based on previous awards, see attachment

☑ Check here if you need more space. Attach one sheet of paper or Form MC-031 and write "SC-100, Item 3" at the top.

| Case Number: |
|---|
| 821213 |

Plaintiff *(list names)*: _____

**④ You must ask the Defendant (in person, in writing, or by phone) to pay you before you sue. Have you done this?** ☒ Yes ☐ No

*If no, explain why not:* _____

**⑤ Why are you filing your claim at this courthouse?**
This courthouse covers the area *(check the one that applies)*:

a. ☒ (1) Where the Defendant lives or does business.
    (2) Where the Plaintiff's property was damaged.
    (3) Where the Plaintiff was injured.
    (4) Where a contract (written or spoken) was made, signed, performed, or broken by the Defendant *or* where the Defendant lived or did business when the Defendant made the contract.

b. ☐ Where the buyer or lessee signed the contract, lives now, or lived when the contract was made, if this claim is about an offer or contract for personal, family, or household goods, services, or loans. *(Code Civ. Proc., § 395(b).)*

c. ☐ Where the buyer signed the contract, lives now, or lived when the contract was made, if this claim is about a retail installment contract (like a credit card). *(Civil Code, § 1812.10.)*

d. ☐ Where the buyer signed the contract, lives now, or lived when the contract was made, or where the vehicle is permanently garaged, if this claim is about a vehicle finance sale. *(Civil Code, § 2984.4.)*

e. ☒ Other *(specify)*: Plaintiff's Residence

**⑥ List the zip code of the place checked in ⑤ above** *(if you know)*: _____

**⑦ Is your claim about an attorney-client fee dispute?** ☐ Yes ☐ No
*If yes, and if you have had arbitration, fill out Form SC-101, attach it to this form, and check here:* ☐

**⑧ Are you suing a public entity?** ☐ Yes ☐ No
*If yes, you must file a written claim with the entity first.* ☐ A claim was filed on *(date)*: _____
*If the public entity denies your claim or does not answer within the time allowed by law, you can file this form.*

**⑨ Have you filed more than 12 other small claims within the last 12 months in California?**
☐ Yes ☐ No *If yes, the filing fee for this case will be higher.*

**⑩ I understand that by filing a claim in small claims court, I have no right to appeal this claim.**

**⑪ I have not filed, and understand that I cannot file, more than two small claims cases for more than $2,500 in California during this calendar year.**

I declare, under penalty of perjury under California State law, that the information above and on any attachments to this form is true and correct.

Date: 4-27-07   Derwin Grant
*Plaintiff types or prints name here*   ▶ [signature]
*Plaintiff signs here*

Date: _____
*Second Plaintiff types or prints name here*   ▶
*Second Plaintiff signs here*

**Requests for Accommodations**
Assistive listening systems, computer-assisted, real-time captioning, or sign language interpreter services are available if you ask at least 5 days before the trial. Contact the clerk's office for Form MC-410, *Request for Accommodations by Persons With Disabilities and Order. (Civil Code, § 54.8.)*

↛ 821213

SC-100, Item 3

Defendant is in violation of multiple laws related to collection and reporting of debt including:

1) The account has been re-aged and is in violation of Re-age (cb and ca) FCRA section 605. Damage assessment $1000

2) Did not validate debt according to law and continued collection activities which is in violation of FDCPA section 809(b), FTC opinion letter Cass from LeFevre. Damage assessment $1000

3) Did not validate debt and continued to report to credit bureau which is in violation of FDCPA section 809(b), FTC opinion letter Cass from LeFevre. Damage assessment $1000

Historical court award for violation has been $1000 each.

## SC-100 — Information for the Defendant (the person being sued)

"**Small claims court**" is a special court where claims for $5,000 or less are decided. A "natural person" (not a business or public entity) may claim up to $7,500. The process is quick and cheap. The rules are simple and informal.

You are the Defendant—the person being sued. The person who is suing you is the Plaintiff.

### Do I need a lawyer?
You may talk to a lawyer before or after the case. But you *may not* have a lawyer represent you in court (unless this is an appeal from a small claims case).

### How do I get ready for court?
You don't have to file any papers before your trial, unless you think this is the wrong court for your case. But bring to your trial any witnesses, receipts, and any evidence that supports your case. And read "Get Ready for Court" at: *www.courtinfo.ca.gov/selfhelp/smallclaims/getready.htm*

### What if I need an accommodation?
If you have a disability or are hearing impaired, fill out Form MC-410, *Request for Accommodations*. Give the form to your court clerk or the ADA/Access Coordinator.

### What if I don't speak English well?
Ask the clerk if the court can give you an interpreter for free. If not, bring someone—like an adult relative or friend—who can interpret for you in court. It is best if your interpreter is not a witness or listed in this case. Or ask the clerk for a list of interpreters. (Interpreters usually charge a fee.)

### Where can I get the court forms I need?
Go to any courthouse or your county law library, or print forms at: *www.courtinfo.ca.gov/forms*

### What happens at the trial?
The judge will listen to both sides. The judge may make a decision at your trial or mail the decision to you later.

### What if I lose the case?
If you lose, you can appeal. You'll have to pay a fee. (Plaintiffs cannot appeal their own claims.)

- If you were at the trial, file Form SC-140, *Notice of Appeal*. You must file within 30 days after the judge's decision.
- If you were *not* at the trial, fill out and file Form SC-135, *Notice of Motion to Vacate Judgment and Declaration*, to ask the judge to cancel the judgment (decision). If the judge does not give you a new trial, you have 10 days to appeal the decision. File Form SC-140.

For more information on appeals, see: *www.courtinfo.ca.gov/selfhelp/smallclaims/appeal.htm*

### Do I have options?
Yes. If you are being sued, you can:
- **Settle your case before the trial.** If you and the Plaintiff agree on how to settle the case, both of you must notify the court. Ask the Small Claims Advisor for help.
- **Prove this is the wrong court.** Send a letter to the court *before* your trial, explaining why you think this is the wrong court. Ask the court to dismiss the claim. You must serve (give) a copy of your letter (by mail or in person) to all parties. (Your letter to the court must say you have done this.)
- **Go to the trial and try to win your case.** Bring witnesses, receipts, and any evidence you need to prove your case. To make sure the witnesses go to the trial, fill out Form SC-107, and the clerk will subpoena (order) them to go.
- **Sue the person who is suing you.** File Form SC-120, *Defendant's Claim*. There are strict filing deadlines you must follow.
- **Agree with the Plaintiff's claim and pay the money.** Or, if you can't pay the money now, go to your trial and say you want to make payments.
- **Let the case "default."** If you don't settle and do not go to the trial (default), the judge may give the Plaintiff what he or she is asking for plus court costs. If this happens, the Plaintiff can legally take your money, wages, and property to pay the judgment.

### What if I need more time?
You can change the trial date if:
- You cannot go to court on the scheduled date (you will have to pay a fee to postpone the trial) *or*
- You did not get served (receive this order to go to court) at least 15 days before the trial (or 20 days if you live outside the county) *or*
- You need more time to get an interpreter. One postponement is allowed, and you will not have to pay a fee to delay the trial.

Ask the Small Claims Clerk about the rules and fees for postponing a trial. Or fill out Form SC-110 (or write a letter) and mail it to the court *and* to all other people listed on your court papers before the deadline. Enclose a check for your court fees, unless a fee waiver was granted.

 **Need help?**
Your county's Small Claims Advisor can help for free.

Or go to "County-Specific Court Information" at: *www.courtinfo.ca.gov/selfhelp/smallclaims*

## SC-100 — Información para el demandado (la persona demandada)

La "Corte de reclamos menores" es una corte especial donde se deciden casos por $5,000 ó menos. Una "persona natural" (que no sea un negocio ni una entidad pública) puede reclamar hasta $7,500. El proceso es rápido y barato. Las reglas son sencillas e informales.

Usted es el Demandado — la persona que se está demandando. La persona que lo está demandando es el Demandante.

**¿Necesito un abogado?**
Puede hablar con un abogado antes o después del caso. Pero *no puede* tener a un abogado que lo represente ante la corte (a menos que se trate de una apelación de un caso de reclamos menores).

**¿Cómo me preparo para ir a la corte?**
No tiene que presentar ningunos papeles antes del juicio, a menos que piense que ésta es la corte equivocada para su caso. Pero lleve al juicio cualquier testigos, recibos, y cualquier pruebas que apoyan su caso. Y lea "Prepárese para la corte" en:
*www.courtinfo.ca.gov/selfhelp/espanol/reclamosmenores/prepararse.htm*

**¿Qué hago si necesito una adaptación?**
Si tiene una discapacidad o tiene impedimentos de audición, llene el formulario MC-410, *Request for Accomodations*. Entregue el formulario al secretario de la corte o al Coordinador de Acceso/ADA de su corte.

**¿Qué pasa si no hablo bien inglés?**
Pregúntele al secretario si la corte le puede dar un intérprete sin costo. Si no, lleve consigo a alguien— ya sea un pariente adulto o amigo— que pueda servirle de intérprete en la corte. O pide del secretario una lista de intérpretes. Es mejor que su intérprete no sea un testigo ni una persona que figure en este caso. (Los intérpretes en general cobran un honorario.)

**¿Dónde puedo obtener los formularios de la corte que necesito?**
Vaya a cualquier edificio de la corte, la biblioteca legal de su condado o imprima los formularios en:
*www.courtinfo.ca.gov/forms*

**¿Qué pasa en el juicio?**
El juez escuchará a ambas partes. El juez puede tomar su decisión durante la audiencia o enviársela por correo después.

**¿Qué pasa si pierdo el caso?**
Si pierde, puede apelar. Tendrá que pagar una cuota. (El Demandante no puede apelar su propio reclamo.)

- Si estuvo presente en el juicio, llene el formulario SC-140, *Aviso de apelación*. Tiene que presentarlo dentro de 30 días depués de la decisión del juez.
- Si *no* estuvo en el juicio, llene y presente el formulario SC-135, *Aviso de petición para anular el fallo y Declaración* para pedirle al juez que anule el fallo (decisión). Si la corte no le otorga un nuevo juicio, tiene 10 días para apelar la decisión. Presente el formulario SC-140.

Para obtener más información sobre las apelaciones, vea:
*www.courtinfo.ca.gov/selfhelp/espanol/reclamosmenores/apelar.htm*

**¿Tengo otras opciones?**
Sí. Si lo están demandando, puede:

- **Resolver su caso antes del juicio.** Si usted y el Demandante se ponen de acuerdo en resolver el caso, ambos tienen que notificar a la corte. Pídale al Asesor de Reclamos Menores que lo ayude.

- **Probar que es la corte equivocada.** Envíe una carta a la corte *antes* del juicio explicando por qué cree que es la corte equivocada. Pídale a la corte que despida el reclamo. Tiene que entregar (dar) una copia de su carta (por correo o en persona) a todas las partes. (Su carta a la corte tiene que decir que hizo la entrega.)

- **Ir al juicio y tratar de ganar el caso.** Lleve testigos, recibos y cualquier prueba que necesite para probar su caso. Para asegurarse que los testigos vayan al juicio, llene el formulario SC-107, y el secretario emitirá una orden de comparecencia ordenándoles que se presenten.

- **Demandar a la persona que lo demandó.** Presente el formulario SC-120, *Reclamo del demandado*. Hay fechas límite estrictas que debe seguir.

- **Aceptar el reclamo del Demandante y pagar el dinero.** O, si no puede pagar en ese momento, vaya al juicio y diga que quiere hacer los pagos.

- **No ir al juicio y aceptar el fallo por falta de comparecencia.** Si no llega a un acuerdo con el Demandante y no va al juicio (fallo por falta de comparecencia), el juez le puede otorgar al Demandante lo que está reclamando más los costos de la corte. En ese caso, el Demandante legalmente puede tomar su dinero, su sueldo o sus bienes para cobrar el fallo.

**¿Qué hago si necesito más tiempo?**
Puede cambiar la fecha del juicio si:

- No puede ir a la corte en la fecha programada (tendrá que pagar una cuota para aplazar el juicio) o
- No le entregaron los documentos legalmente (no recibió la orden para ir a la corte) por lo menos 15 días antes del juicio (ó 20 días si vive fuera del condado) o
- Necesita más tiempo para conseguir intérprete. (Se permite un solo aplazamiento sin tener que pagar cuota para aplazar el juicio).

Pregúntele al secretario de reclamos menores sobre las reglas y las cuotas para aplazar un juicio. O llene el formulario SC-110 (o escriba una carta) y envíelo antes del plazo a la corte y a todas las otras personas que figuran en sus papeles de la corte. Adjunte un cheque para pagar los costos de la corte, a menos que le hayan dado una exención.

 **¿Necesita ayuda?** El Asesor de Reclamos Menores de su condado le puede ayudar sin cargo.

O vea "Información por condado" en:
*www.courtinfo.ca.gov/selfhelp/espanol/reclamosmenores*

Revised January 1, 2007 — **Reclamo del Demandante y ORDEN Para Ir a la Corte de Reclamos Menores** — SC-100, Page 5 of 5