TOMIO B. NARITA (SBN 156576)
JEFFREY A. TOPOR (SBN 195545)
SIMMONDS & NARITA LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104-4816
Telephone: (415) 283-1000
Facsimile:  (415) 352-2625
tnarita@snllp.com
jtopor@snllp.com

Attorneys for Defendant
Afni, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERWIN GRANT,<br><br>   Plaintiff,<br><br>vs.<br><br>AFNI, INC.,<br><br>   Defendant. | CASE NO.: C 07 2850 CW<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Date: August 2, 2007<br>Time: 2:00 p.m.<br>Ctrm: 2, 4th Floor<br><br>The Honorable Claudia Wilken |

## I.   ARGUMENT

Plaintiff has wholly failed to oppose Defendant's Motion For Judgment On The Pleadings. The Court should deem Plaintiff's failure to file an opposition as his consent to the granting of Defendant's motion.

Defendant filed and served its motion on June 6, 2007, noticing a hearing for July 12, 2007. Defendant subsequently filed and served an amended notice of motion, rescheduling the hearing to August 2, 2007. Pursuant to Local Rule 7-3(a), plaintiff's opposition was due no later than July 12, twenty-one days before the re-noticed hearing. A review of the Court's Case Management/Electronic Case Filing system (i.e., PACER), reflects that, as of July 18, 2007, Plaintiff has not filed an opposition to Defendant's motion.

When a party does not oppose a motion, it "must file with the Court a Statement of Nonopposition within the time for filing and serving any opposition." *See* N.D. Cal. L.R. 7-3(b). Although this District does not have an analogous rule, both the Central and Southern District of California have local rules that permit those courts to deem the failure to oppose a motion as consent to the granting of a motion. *See* C.D. Cal. L. R. 7-12 ("The failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting . . . of the motion."); S.D. Cal. L. R. 7.1.f.3.c ("If an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of motion or other request for ruling by the court."). Courts in both of those districts have applied their respective rules to deem *pro se* plaintiffs' failure to oppose motions as consent to the granting of the motions. *See Wade v. Ratella*, 407 F. Supp. 2d 1196, 1209 (S.D. Cal. 2005); *Jackson v. Slade*, 2004 WL 1083351, *1 n.1 (C.D. Cal. Apr. 6, 2004); *Gadsen v. Commissioner of Internal Revenue*, 2002 WL 31835452, *1 (C.D. Cal. July 18, 2002). Defendant submits that the Court should deem Plaintiff's failure to file an opposition as his consent to the granting of Defendant's motion.

In his complaint, Plaintiff has simply alleged that Defendant "is in violation of multiple laws" related to the collection and reporting of his account. Plaintiff asserts three claims against Defendant purportedly arising under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. (the "FCRA") and the Fair Debt Collection Practice Act, 15 U.S.C. § 1692 *et seq*. (The "FDCPA"). As explained in Defendant's opening memorandum, each of Plaintiff's claims fail as a matter of law.

First, Plaintiff has failed to allege facts sufficient to state a cause of action against Defendant under the FDCPA. In order for a violation of section 1692g(b) to have occurred, Plaintiff must prove that within thirty days of receipt of the initial demand letter from Defendant, he requested validation of the debt from Defendant. Plaintiff has not alleged that he made any request for validation of the debt, let alone a timely request. Further, Plaintiff cannot amend his Complaint to state a cause of action because the Ninth Circuit has squarely ruled that untimely requests for verification of a debt do <u>not</u> trigger any obligation on the part of the collector to verify the debt. *See Mahon v. Credit Bureau of Placer County, Inc.*, 171 F.3d 1197, 1202-1203 (9th Cir. 1999) (request for verification of debt made nine months after receipt of initial notice from collector was untimely and triggered no obligation on part of defendant to verify the debt). Plaintiff's claims under section1692g(b) fail as a matter of law.

Second, Plaintiff has not alleged facts sufficient to constitute a cause of action against Defendant under the FCRA. Nor can he. Section 1681c applies only to Credit Reporting Agencies, not to furnishers of consumer credit information such as Defendant. *See* 15 U.S.C. § 1681c ([N]o *consumer reporting agency* may make any consumer report containing any of the following items of information. . . ." (emphasis added)). Furthermore, Congress has declared, and the Ninth Circuit has held, that a consumer like plaintiff cannot bring a private action against a furnisher of information under section 1681s-2(a) of the FCRA for

allegedly reporting false or inaccurate information to a credit reporting agency. *See Nelson v. Chase Manhattan Mortgage Co.*, 282 F.3d 1057, 1059-60 (9th Cir. 2002). Plaintiff's claims under the FCRA fail as a matter of law.

## II.     CONCLUSION

For the unopposed reasons stated in Defendant's Memorandum of Points and Authorities, the Motion For Judgment On The Pleadings should be granted. Plaintiff has failed to indicate that he can amend his complaint to assert facts that would state a valid claim under the FDCPA or the FCRA. Nor could he. Accordingly, Defendant respectfully requests that this Court issue an Order, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, granting judgment in its favor with prejudice.

DATED: July 18, 2007          SIMMONDS & NARITA LLP
                              TOMIO B. NARITA
                              JEFFREY A. TOPOR


                              By:   s/Jeffrey A. Topor
                                    Jeffrey A. Topor
                                    Attorneys for Defendant

# PROOF OF SERVICE

I, the undersigned, declare:

I am employed in the City and County of San Francisco, California. I am over the age of eighteen years and not a party to this action. My business address is 44 Montgomery Street, Suite 3010, San Francisco, California 94104-4816.

I am readily familiar with the business practices of my employer, Simmonds & Narita LLP, for the collection and processing of correspondence by mailing with the United States Postal Service and that said correspondence is deposited with the United States Postal Service that same day in the ordinary course of business.

On this date, I served a copy of the following document:

1) **REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

by causing such document to be placed in a sealed envelope for collection and delivery by the United States Postal Service to the addressee indicated below:

**VIA U.S. MAIL**

Derwin Grant
245 Henry Street
San Francisco, CA 94114
Plaintiff in Pro Per

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at San Francisco, California on this 18th day of July, 2007.

_____
Stephanie Schmitt